NO. 07-06-0405-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 23, 2006

______________________________

ROSETTA MATTHEWS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 52,396-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant, Rosetta Matthews, appeals from her conviction for possession of a controlled substance in a drug free zone.  Sentence was imposed on July 13, 2006.  Certified copies of the Judgment have been delivered to this Court from the trial court clerk’s office.   We will dismiss the appeal for want of jurisdiction.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal.  
Olivo v. State
, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case, and can take no action other than to dismiss the appeal.  
Slaton v. State
, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day sentence is imposed or suspended in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed.  Rule 26.3 allows for an extension of time if the appellant files a notice of appeal with the trial court within 15 days after the deadline for filing the notice of appeal and files a motion for extension with the appellate court.  

Here, the record reflects that the court imposed sentence on appellant on July 13, 2006.  No motion for new trial was filed, thus making the notice of appeal due on August 14, 2006.   The notice of appeal was filed October 6, 2006.  Appellant’s failure to file a timely notice of appeal or to meet the requirements for an extension under Rule 26.3 prevents this court from having jurisdiction over her appeal.  
Slaton
, 981 S.W.2d at 210. 

 Consequently, the appeal is dismissed for want of jurisdiction.  

Mackey K. Hancock

        Justice

Do not publish.